UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL WISSER,<br><br>         Plaintiff,<br><br>  - against -<br><br>VOX MEDIA, INC.<br><br>         Defendant. | Docket No. 1:18-cv-1349<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bill Wisser ("Wisser" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Vox Media, Inc. ("Vox" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the inside of Mr. and Mrs. Bun, a Miami restaurant, owned and registered by Wisser, a professional photographer. Accordingly, Wisser seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Wisser is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 565 NW 44th Street, Miami Florida 33127.

6. Upon information and belief, Vox is a foreign business corporation with a place of business at 104 West 40th Street, New York, New York 10018. Upon information and belief, Vox is registered with the New York State Department of Corporations to do business in New York. At all times material, hereto, Vox has owned and operated a website at the URL: www.Miami.Eater.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. Wisser photographed the inside of Mr. and Mrs. Bun, a Miami restaurant (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Wisser then licensed the Photograph to the Miami New Times. The Miami New Times ran an article that featured the Photograph on its web edition. See http://www.miaminewtimes.com/location/mr-and-mrs-bun-7814113. Wisser's name was featured in a gutter credit and on the photograph identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Wisser is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-060-655.

**B.  Defendant's Infringing Activities**

11. Vox copied the Photograph and placed it on the Website. See https://miami.eater.com/maps/kendall-dining-guide-map-miami/mr-amp-mrs-bun. The Website prominently featured the Photograph. Screen shots of the Photograph on the Website is attached hereto as Exhibit C.

12. Vox did not license the Photograph from Plaintiff for its Website, nor did Vox have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VOX)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

14. Vox infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Vox is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Vox have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VOX
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. When the Photograph was first published in the Miami New Times it contained a gutter credit under the Photograph and also on the Photograph stating "BillWisserPhoto.com" which is considered contained copyright management information under 17 U.S.C. § 1202(b).

20. Upon information and belief, in its article on the Website, Vox copied the Photograph from the Miami New Times and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of Vox violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Vox falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Vox intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Vox also knew, or should have known, that such falsification, alteration and/or

removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

24. As a result of the wrongful conduct of Vox as alleged herein, Plaintiff is entitled to recover from Vox the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Vox because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Vox statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Vox be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Vox be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 15, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Bill Wisser*
